## CALVIN F. MASON V. FULLERTON C. CROMWELL.

INJUNCTION—*Temporary Order of Probate Judge—District Court May Modify.* The probate judge, in the absence from the county of the judge of the district court, issued an order enjoining a party from the use and and occupancy of all except a small portion of a tract of land covered by his homestead entry. *Held,* That the district court has the right to modify the order, notwithstanding such modification permitted the party to use and occupy portions of the homestead enclosed by fences erected by the adverse party.

*Error from the District Court of Garfield County.*

Calvin F. Mason procured an injunctional order against Fullerton C. Cromwell from the probate judge enjoining Cromwell from the use and occupancy of a tract of land covered by his homestead entry, except a small portion thereof outside of his fences. The district court modified the order and permitted Cromwell to use and occupy a portion of the land inside the enclosure of Mason. Mason appeals the case to this court.

*Beauchamp & Rush,* for plaintiff in error.

*Gillett & Brown,* for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: May 15, 1894, Calvin F. Mason commenced an action against Fullerton C. Cromwell, in the district court of Garfield county, in the absence of the judge of the district court from such county, and procured an order from the judge of the probate court enjoining Cromwell from the use and occupancy of all that part of a tract of land covered by his homestead entry, except about fourteen acres outside of his fences. Afterwards Cromwell applied to the judge of the dis-

trict court for a modification of the order. The judge of the district court granted the relief asked and allowed Cromwell to use and occupy a portion of the land enclosed within the limits of the fence of Mason, which order was to remain in force and effect until the further order of the court. Mason brings the case to this court and assigns numerous errors, which may be briefly summarized by stating that the case is here for the purpose of seeking the dissolution of the order of the district court modifying the injunction theretofore issued by the probate judge.

It appears from the record that Mason settled upon the southwest quarter of section 20, in township 23, north of range 6 west, as a homestead, on the 13th day of October, 1893; that at the time such settlement was made, the land was a part of the public domain; that on the 27th day of October, 1893, Cromwell, at the United States land office, in Enid, Oklahoma Territory, filed a homestead entry for the tract; that Mason, prior to the time Cromwell sought to go upon the tract of land, enclosed about one hundred and forty-seven acres of the same with a wire fence; that Cromwell, after such enclosure was made, settled upon the tract of land outside of the enclosure of Mason, and after such settlement, attempted to go inside of the enclosure of Mason, for the purpose of further perfecting his settlement right, and reducing to his own use and occupancy portions of the tract of land in controversy. Mason procured an order of the probate judge restraining Cromwell from entering into any portion of his enclosure. Cromwell, in the district court, obtained a modification of such order, in which the judge of the district court permitted Cromwell to enter into the enclosure of Mason for the purpose of improving, cultivating and using the land for agricultural purposes, and restrained and enjoined Mason from further maintaining his fence upon the premises

in such a manner as to prevent Cromwell from ingress and egress to the lands.

The only question before us in this case is whether or not the district court had jurisdiction to modify the order theretofore made, and whether, if it had such jurisdiction, it exceeded its discretion in permitting Cromwell to use portions of the land which had, previous to the time Cromwell attempted to settle on the land, been enclosed by Mason. This case is, in all respects, similar to many which have arisen in this territory, some of which have been passed upon by this court. In *Peckham v. Faught*, 2 Okla. Rep. 173, (37 Pac, 1085,) it was held that:

"The district court has power to make an order which grants to an adverse homestead claimant the right to remain inside a wire fence erected by a person who claims the land by virtue of a settlement made prior to the filing of an entry by such adverse claimant."

In the case under consideration it appears from the record that both Mason and Cromwell claim a superior right to the tract of land in dispute. Mason, by virtue of his settlement prior to the time the land had been segregated from the public domain; and Cromwell, by virtue of the filing of his homestead entry. Under the law of congress each of these parties has the right to reside upon the tract of land, to cultivate and improve the same until the question of title is settled in the land department. It should be assumed, from a reading of this record, that both parties are there in good faith; both believe that they will ultimately be awarded the title to the tract of land. The courts of this territory should give effect to the laws of congress, and this can only be done in this case by giving to each party the right to the use and occupancy of the tract of land until such time as the tribunal especi-

ally created to determine the question of title shall have put at rest said title by their decision.

It is contended by plaintiff in error that, because he had reduced to possession, by a fence, one hundred and forty-seven acres of this land, that, therefore, he should be permitted to retain the entire use and occupancy of that portion of the tract of land, pending the litigation in the land department; that there still remains thirteen acres of the tract upon which Cromwell may proceed, under the laws of congress, to make his settlement and residence, and that, therefore, the court below erred in its application of the law, in giving to Cromwell the right to enter into his enclosure. Such an application of the law would be manifestly unjust to Cromwell; for each of these parties has an equal right to reside upon, cultivate and improve this tract of land, pending the litigation in the land department. To give to one of them almost the entire tract would be such an inequitable disposition as would work manifest injustice, which courts of equity will not do. As we view this question, the land department has exclusive jurisdiction of the question of title, because congress has created a tribunal for that special purpose. The courts of the territory have exclusive jurisdiction of all those matters relating to possession, for the reason that congress has not reserved such jurisdiction in any manner. *Peckham v. Faught, supra*, is decisive of the principle involved in this appeal.

The judgment of the lower court is affirmed.

Burford, J., having presided at the hearing of the court below, not sitting; all the other Justices concurring.